Raymond J. Lesniak, Esq.
(Attorney ID No. 018051974)
530 Irvington Avenue
Elizabeth, New Jersey 07208
Phone: 862-812-6756
lesniakrj@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| SUZANNE DEVANNEY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY JUDICIARY, ESSEX VICINAGE, CHANDRA COLE, Presiding Judge of the Municipal Court, Essex Vicinage, John and Jane Does 1-10, ABC Agencies of the State of New Jersey and County of Essex, 1-10,<br><br>Defendants. | Civ. Action No. 2:25-cv-01652-MCA-CLW<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff, Suzanne M. Devanney, by way of First Amended Complaint against the defendants hereby avers:

### Nature of the Action

1. This is an action brought by plaintiff, Suzanne M. Devanney ("Plaintiff"), formerly employed by the State of New Jersey Judiciary in the Essex Vicinage, as Judiciary Secretary ("JS1"), for wrongful termination under the Family and Medical Leave Act ("FMLA"), 29 USC § 2601, et. seq., the Americans with Disabilities Act of 1990, 42 USC § 12101 et seq. (the "ADA"), the Rehabilitation Act of 1973, 29 USC § 794 ("Rehabilitation Act"), in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD") This action also is brought under the New Jersey Conscientious

Employee Protection Act, N.J.S.A. 34:19-1 et seq. ("NJCEPA") due to defendants' retaliation against plaintiff for reporting problems regarding Judge Chandra Cole and other problems.

2. The relief sought by plaintiff is for declaratory, injunctive, monetary and other appropriate relief. The action by plaintiff is to redress intentional violations by the defendants of rights secured to her by the laws of the United States and the statutes of New Jersey.

### The Parties

3. Plaintiff is a citizen of New Jersey, and a resident of Scotch Plains, Union County, New Jersey. At all times relevant hereto, the Plaintiff was an employee of the Defendant State of New Jersey Judiciary, Essex Vicinage.

4. Defendant, State of New Jersey Judiciary, Essex Vicinage (hereinafter "Judiciary"), is, upon information and belief, a political subdivision of the State of New Jersey formed under and by virtue of the New Jersey Constitution as amended in 1947 where the Plaintiff was assigned to work. Defendant Judiciary is an employer within the meaning of 29 USC § 2611(4)(A) and employes 50 or more people within 75 miles of the Essex County Courthouse.

5. Defendant, Chandra Cole, is the Presiding Judge Municipal Court, Essex Vicinage and was plaintiff's immediate supervisor at all times relevant thereto.

6. Defendants John and Jane Does 1-10 are fictitious persons who are presently unknown, who are officials in or employees of defendant Judiciary and who participated in the violation of Plaintiff's rights, or who aided and abetted others in the violation of Plaintiff's rights.

7. Defendants ABC Agencies of the State of New Jersey and County of Essex, are political subdivisions, departments, and divisions of the State of New Jersey and County of Essex, which are fictitious entities that are presently unknown, but which participated in the violation of Plaintiff's rights, or which aided and abetted others in the violation of Plaintiff's rights.

## Jurisdiction and Venue

8. This action has been removed by defendants from the New Jersey Superior court, Law Division, to the District Court pursuant to 28 U.S.C. §1441(c) and 1443 whereby the defendants have alleged that the District Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331. If this Court has original jurisdiction under §1331, it also has authority to assume supplemental jurisdiction over state law claims under 28 U.S.C. §1367(a) since the state law claims arise from the same operative facts as the federal law claims and are part of the same case or controversy.

9. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because defendants' situs is in this district and all pertinent acts took place in this district.

## General Allegations

10. Plaintiff began her employment in or about October 9, 2012 with the New Jersey Judiciary Essex Vicinage as a Judiciary Secretary 1 ("JS1") in the Criminal Division. She was initially assigned to the Hon. Anthony J. Frasca, PJMC. Her primary duties and responsibilities included strong typing, technical and administrative skills, conforming the Judge's orders and decisions and maintaining the workflow in and out of the Judicial Chambers, proofreading typed material for accuracy and correct punctuation, spelling and grammar, coordinating and communicating the Judge's schedule with the Division administration and case management personnel, preparing and submitting local and state reports, managing incoming and outgoing communications, including mail, telephone, case conference calls and follow up of same, and precuring supplies for the Chambers.

11. Since the commencement of her employment, Plaintiff performed the duties required for a JS1 adequately and competently, and was consistently recognized by her supervisors and other members of the Judiciary for her high quality of her work. Plaintiff has long had a disability that Judge Frasca and other Judiciary officials had accommodated under the FMLA, the ADA and other laws.

12. In or about September 2021, Judge Frasca determined to retire and began to prepare Defendant Chandra Cole to succeed him in the position of Presiding Judge of the Municipal Court, Essex Vicinage. Plaintiff led the team that assisted the transition from Judge Frasca to Judge Cole.

13. Effective on December 1, 2021, Judge Cole was formally designated as the Municipal Court Presiding Judge for Vicinage 5 (Essex). The duties and responsibilities of Judge Cole are set forth in an Order entered by Chief Justice Stuart Rabner on October 18, 2021.

14. After Judge Cole began her position as Presiding Judge Municipal Court, Essex Vicinage, in contrast to Judge Frasca, she increasingly contacted Plaintiff outside of regular work hours. Judge Cole also expected Plaintiff to handle the Judge's personal business, which was unrelated to her duties as a Presiding Judge of the Municipal Court, including, but not limited to, matters relating to Judge Cole's personal student loan and an issue with the Certificate of Title for her automobile and related insurance.

15. Judge Cole also imposed duties on Plaintiff that were previously the responsibility of other officials within the Essex Vicinage, when those officials left their positions or were not readily available to assist the Judge.

16. On or about February 24, 2022, Judge Cole exhibited abusive behavior towards Plaintiff, which included a verbal tirade that was witnessed by one or more third parties.

17. On March 2, 2022, Plaintiff requested the assistance of a Human Resources representative in the Trial Court Administrator's ("TCA") office as a result of such abuse exhibited by Judge Cole. In response to Plaintiff's request for assistance, a meeting was scheduled with Judge Cole and a Human Services representative from the TCA's office.

18. At this meeting, without any justification, Plaintiff was noticed that her conduct could be considered insubordinate for not following a direct order from Judge Cole. In response, Plaintiff recounted her ongoing difficulties regarding the adjustments to a new Presiding Judge of the Municipal Court and explained the reasons that the accusations made by Judge Cole were unjustified. In response to an inquiry by the TCA representative, Plaintiff stated that Judge Cole had created hostile work environment.

19. After the aforesaid meeting, Judge Cole initiated retaliatory actions against Plaintiff which made it extremely difficult for her to cope with the intensifying hostile workplace. Judge Cole badgered Plaintiff with a series of meritless, pretextual emails and memos about action items and performance. Plaintiff's responses to the emails and memos were ignored by Judge Cole and were not addressed by the Judiciary during this period.

20. On July 8, 2022, Plaintiff was approved for Intermittent Family and Medical Leave, ("FMLA") temporary disability for a period of six months.

21. Nevertheless, Judge Cole ignored the limitations and reduced work hours required by the FMLA and imposed upon the Plaintiff additional tasks and assignments including when she was out of the office utilizing the approved FMLA leave.

22. The retaliation manifested by Judge Cole continued to escalate during August 2022, which included unjustified and unwarranted criticisms that were a pretext for Judge's effort to create a false record of alleged work violations against the Plaintiff. Judge Cole ignored the Plaintiff's efforts to resolve these allegations and refused to meet with the Plaintiff to try to resolve the matters, instead issuing a written reprimand.

23. Judge Cole continued her barrage of meritless emails and memos about action items and performance without regard to the Plaintiff's reduced work hours pursuant to the FMLA and the Plaintiff's compromised health issues, which remained unaddressed by Judge Cole and other members of the Judiciary. The Plaintiff had sent an email to Judge Cole and the HR representative on August 11, 2022, regarding the reduced work hours under the FMLA; however, that email was unaddressed by Judge Cole and the HR representative. Plaintiff reported the retaliatory actions of Judge Cole to the Assignment Judge and the Human Resources representative, but to no avail.

24. Another meeting with the HR representative took place on December 20, 2022, regarding Judge Cole's expectations of performance, but the Plaintiff's email regarding reduced work hours under the FMLA and her compromised health issues still remained unresolved. Defendants, including defendants

5

John and Jane Does 1-10 and ABC Agencies of the State of New Jersey and County of Essex, 1-10, continued to fail to accommodate Plaintiff's disability under the FMLA and ADA.

25. On December 21, 2022, Plaintiff was admitted to Morristown Memorial Hospital by way of the Emergency Room. Plaintiff notified Judge Cole of her hospitalization and that she would be out of the office on leave until further notice. Plaintiff had an extreme flare-up of angioedema and related symptoms, and her eyes, lips and face were so inflamed that she was unable to read, speak, or otherwise communicate effectively.

26. On January 3, 2023, while Plaintiff was out on leave as a result of doctor's orders and recovering from hospitalization, the Human Service representative sent correspondence to Plaintiff directing her to return to work or complete required paperwork. There was no effort by the Human Resources or anyone else from the Judiciary to reach either the Plaintiff's emergency contact on file, or her medical professional who had submitted the previously approved FMLA Intermittent Temporary Disability Form.

27. On January 19, 2023, Plaintiff was notified by a representative of Human Resources that her employment with the Judiciary was terminated. Thereafter, Plaintiff contacted Human Resources in the Judiciary and in Essex County regarding disability benefits but Plaintiff was not offered assistance because she had been terminated.

28. After the Plaintiff's physician submitted the required application on or about February 8, 2023, Plaintiff was approved by the N.J. Department of Labor to receive continuous temporary disability benefits (for an additional six months period time) in place of the previously approved FMLA Intermittent Temporary Disability, effective December 21, 2022, the date of Plaintiff's hospitalization.

29. Plaintiff attempted to exhaust administrative remedies because of her wrongful termination, as a result of which the matter was referred to the Administrative Office of the Courts ("AOC") by the Essex Vicinage. Nevertheless, the effort to resolve the matter administratively with the AOC was unsuccessful, as a result of which the plaintiff has brought the instant lawsuit.

#5256562v1

## Claims for Relief

30. Plaintiff is a member of a protected group based on her disability. She has a qualified disability under the New Jersey Law Against Discrimination and other laws cited herein. In addition she reported her mistreatment, hostile work place environment, which was engendered by defendant Cole, and made other complaints of unlawful practices, which subjected her to retaliatory action by the defendants.

31. Plaintiff exhausted her administrative remedies without success.

32. Plaintiff was a productive Judiciary employee who was well received by her co-workers and recognized by her supervisors for her strong work.

33. Defendants took no disciplinary action against Plaintiff and there was no documented criticism of her work, until the advent of the retaliatory actions of Judge Cole described above.

34. Defendant Cole and the other defendants, including John and Jane Does 1-10, and ABC Agencies of the State of New Jersey and County of Essex, 1-10, discriminated against Plaintiff in the terms and conditions of her employment.

35. Despite the Plaintiff's reports of the hostile work environment caused by the retaliatory actions of Judge Cole, defendants failed to accommodate Plaintiff's disability.

36. Plaintiff continued to experience harassment and retaliation until she was admitted to Morristown Memorial Hospital Emergency Room on December 21, 2022 due to her disability that was exacerbated by the hostile work environment described above and as documented by the pre-approved FMLA Intermittent Temporary Disability form.

37. Despite the fact that the defendants were notified of the Plaintiff's FMLA Intermittent Temporary Disability Leave pre-approved beginning July 7, 2022, for a six-month period, the defendants failed to accommodate the Plaintiff but continued to sanction the retaliation and hostile work place created by Judge Cole.

38. Defendants were aware that the Plaintiff was recovering from hospitalization and that she would be out of the office until her doctor approved her return to work, yet they failed to make any

#5256562v1

reasonable attempt to reach out to the Plaintiff through her emergency contact or her medical professional listed on the FMLA Intermittent Temporary Disability form. Defendants knew of the nature of Plaintiff's illness and that she could not reasonably receive or respond to their notification.

39. The defendants failed to reasonably accommodate the Plaintiff's disability.

40. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages because of defendants' wrongful termination of Plaintiff, following retaliatory practices and failure to accommodate her, unless the court grants the relief requested herein.

## Count I

41. Plaintiff incorporates and realleges Paragraphs 1 through 40 of this First Amended Complaint as if fully set forth herein.

42. Plaintiff has a disability as defined under New Jersey Law Against Discrimination and was approved for leave under the FMLA by the defendant Judiciary. In particular, Plaintiff was approved on July 8, 2022 for Intermittent FMLA Temporary Disability for a period of six months.

43. While Plaintiff was on her approved leave, she was terminated unlawfully by the defendant Judiciary.

44. Plaintiff is a covered employee under the FMLA having worked for at least 1250 hours during the 12-month period preceding her leave when she was terminated.

45. The Plaintiff was and is qualified for the position of JS1 at defendant Judiciary despite her disability, since Plaintiff satisfies the skill, experience and other job-related functions for the position with reasonable accommodation.

46. During Plaintiff's FMLA leave, the defendants interfered with, restrained or denied the exercise of Plaintiff's rights under the FMLA, and then on or about January 19, 2023, the defendant Judiciary terminated the Plaintiff's employment in violation of the FMLA. Plaintiff was on a qualified medical leave under the FMLA at that time.

47. As a direct and proximate result of the acts and practices of defendants, their agents and employees and the termination of Plaintiff's employment with the defendant Judiciary in violation of the FMLA, the Plaintiff has suffered and continues to suffer injury, including loss of employment, past and future loss of income and other employment benefits, and other past and future pecuniary losses.

### Count II

48. Plaintiff incorporates and realleges Paragraphs 1 through 47 of this First Amended Complaint as if fully set forth herein.

49. Plaintiff is and was at all times relevant to this action, a person defined as "disabled", or was otherwise perceived as disabled, under the New Jersey Law Against Discrimination ("NJLAD"), who was, despite her disability otherwise capable and qualified to perform her duties as Judiciary Secretary 1.

50. The defendant Judiciary's acts and employment practices, with respect to Plaintiff's terms, conditions and privileges of employment, resulted in the wrongful termination of Plaintiff's employment and violated the NJLAD.

51. As a direct and proximate result of the intentional discriminatory acts and practices of the defendant Judiciary, Chandra Cole, Presiding Judge of Municipal Court, Essex Vicinage, John and Jane Does, 1 to 10, and ABC Agencies of the State of New Jersey and County of Essex, 1-10, including the discriminatory discharge from the Plaintiff's employment, the Plaintiff has suffered and continues to suffer injury including past and future loss of income, and other employment benefits, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, costs associated with obtaining reemployment, embarrassment, damage to her reputation, and other past and future pecuniary losses.

52. The defendants' acts and practices described above were intentional, and were performed with malice or reckless indifference to the Plaintiff's rights within the meaning of NJLAD.

### Count III

53. Plaintiff incorporates and realleges Paragraphs 1 through 52 of this First Amended Complaint as if fully set forth herein.

#5256562v1

54. Plaintiff is and was at all terms relevant to this action a person with a qualified disability entitled to accommodation under the FMLA, the ADA, the Rehabilitation Act and the NJLAD. Upon information and belief, the Judiciary has a program or programs that receive federal financial assistance.

55. The defendants' actions as hereinbefore described constitute a failure to accommodate the Plaintiff in violation of the FMLA, the ADA, the Rehabilitation Act, and the NJLAD.

56. Instead of accommodating the Plaintiff's disability, as required by law, the defendants engaged in discriminatory and retaliatory conduct, either intentionally or with malice, or reckless indifference to the Plaintiff's rights to be accommodated as required by the FMLA, the ADA, the Rehabilitation Act, and the NJLAD.

57. Prior to terminating the Plaintiff while she was still under a physician's care, defendant Judiciary discriminated against the Plaintiff by intentionally failing to provide her with reasonable notice of her rights under the circumstances.

58. As a result of the defendants' failure to accommodate the Plaintiff, and to provide her with a nondiscriminatory notice of her rights, the Plaintiff has suffered irreparable harm, including loss of employment, past and future loss of income and other employment benefits, and other past and future pecuniary losses.

## Count IV

59. Plaintiff incorporates and realleges Paragraphs 1 through 58 of this First Amended Complaint as if fully set forth herein.

60. In reporting the abuses for which Judge Cole was responsible and the retaliatory actions directed at Plaintiff, as well as the other deviations by Judge Cole from the position of Presiding Judge of the Municipal Court, Essex Vicinage, Plaintiff was entitled to the protections of the NJCEPA.

61. The failure of defendants to affirmatively act on the reports and notifications of the Plaintiff, but instead to countenance retaliatory actions by Judge Cole and others resulting in the wrongful termination of Plaintiff, is a violation of NJCEPA entitling Plaintiff to all of the relief permitted by law.

#5256562v1

## Relief Requested

WHEREFORE, Plaintiff requests that this Court:

A.  Enter a declaratory judgment that defendants' actions, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by the statutes of the United States and New Jersey;

B.  Require defendant to reinstate Plaintiff to a position equivalent to that which she previously held and to restore to Plaintiff fully income and benefits that she would have received had she not been the victim of defendants' intentional and malicious discriminatory acts;

C.  Award Plaintiff damages for lost income and benefits at the same level as if she had been fully employed since the date of her wrongful termination;

D.  Award Plaintiff damages and compensation for emotional distress, anguish and humiliation suffered by her, loss of her self-esteem and the ability to provide herself with the earned rewards of excellence in her chosen career;

E.  Grant to Plaintiff a judgment against defendants for punitive damages in a monetary award;

F.  Grant to Plaintiff a judgment against defendants for compensatory and consequential damages, including pain and suffering;

G.  Award to Plaintiff costs, disbursements and reasonable attorney's fees; and

H.  Such additional relief as this Court deems just and proper under the circumstances.

## Jury Demand

Plaintiff demands a jury trial as to all issues so cognizable.

## Designation of Trial Counsel

Pursuant to R. 4:25-4, Raymond J. Lesniak, Esq. is hereby designated as trial counsel.

## Certification Pursuant to L.Civ. R. 11-2

I certify that this dispute is not the subject of any other action pending in any other Court or arbitration proceeding to the best of my knowledge and belief. In addition, to the best of my knowledge

and belief, no other action or arbitration proceeding is contemplated. And, other than the parties set forth in this complaint, I presently know of no other parties that should be made part of this lawsuit. I recognize my continuing obligation to file and serve on all parties and the Court an Amended Certification if there is a change in the facts stated in this Certification.

                                           Raymond J. Lesniak, Esq.
                                           Attorney for the Plaintiff Suzanne M. Devanney

                                        By:  /s/  Raymond J. Lesniak, Esq.
                                                  Raymond J. Lesniak, Esq.

### Certification as to Personal Identifiers

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future.

                                           Raymond J. Lesniak, Esq.
                                           Attorney for the Plaintiff Suzanne M. Devanney

                                        By:  /s/  Raymond J. Lesniak, Esq.
                                                  Raymond J. Lesniak, Esq.

Dated: March 7, 2025